(72 Misc. Rep. 443.)

### In re BEYER, County Treasurer.

(Supreme Court, Special Term, Erie County. May, 1911.)

CLERKS OF COURTS (§ 35*)—FEES—NATURALIZATION PROCEEDINGS.

The federal naturalization act provides that the clerk of the court conducting naturalization proceedings shall retain one-half of the fees, and the remaining half shall be accounted for to the Bureau of Immigration and Naturalization. Laws 1885, c. 502, provides that the county clerk of Erie county shall be paid a specified salary, and that the fees and emoluments of his office shall belong to the county. *Held*, that such act,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in so far as it might be construed to require payment of fees in naturalization cases to the county, was in conflict with the federal act, and that the county clerk of Erie county was, therefore, not required to pay over such fees.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 62; Dec. Dig. § 35.*]

Application of Frank A. Beyer, County Treasurer of Erie county, for a writ of mandamus to compel the County Clerk of such county to turn over fees received in naturalization proceedings. Application denied.

Thomas A. Sullivan, for relator.
Percy S. Lansdowne, for respondent.

WHEELER, J. This is a friendly proceeding for the purpose of obtaining a judicial decision as to whether the county clerk of the county of Erie is entitled to the fees received under the United States statute for the naturalization of citizens. The federal statute (Act June 29, 1906, c. 3592, § 3, 34 Stat. 596 [U. S. Comp. St. Supp. 1909, p. 478]) relating to the naturalization of citizens provides:

"Exclusive jurisdiction to naturalize aliens as citizens of the United States is hereby conferred upon the following specified courts: United States Circuit and District Courts now existing, or which may hereafter be established by Congress in any state, United States District Courts for the territories of Arizona, New Mexico, Oklahoma, Hawaii, and Alaska, the Supreme Court of the District of Columbia, and the United States Courts for the Indian Territory; also all courts of record in any state or territory now existing, or which may hereafter be created, having a seal, a clerk, and jurisdiction in actions at law or equity, or law and equity, in which the amount in controversy is unlimited."

It is also provided in said act (section 13):

"That the clerk of each and every court exercising jurisdiction in naturalization cases shall charge, collect, and account for the following fees in each proceeding: For receiving and filing a declaration of intention and issuing a duplicate thereof, one dollar. For making, filing, and docketing the petition of an alien for admission as a citizen of the United States and for the final hearing thereon, two dollars; and for entering the final order and the issuance of the certificate of citizenship thereunder, if granted, two dollars. The clerk of any court collecting such fees is hereby authorized to retain one-half of the fees collected by him in such naturalization proceeding; the remaining one-half of the naturalization fees in each case collected by such clerks, respectively, shall be accounted for in their quarterly accounts, which they are hereby required to render the Bureau of Immigration and Naturalization, and paid over to such bureau within thirty days from the close of each quarter in each and every fiscal year, and the moneys so received shall be paid over to the disbursing clerk of the Department of Commerce and Labor, who shall thereupon deposit them in the treasury of the United States, rendering an account thereof quarterly, to the auditor for the State and other Departments, and the said disbursing clerk shall be held responsible under his bond for said fees so received."

The petition shows that the county clerk now has in his hands the sum of $360, for naturalization fees received, which either belong to him personally, or are to be accounted for and paid over to the county treasurer as funds of the county.

By chapter 502 of the Laws of 1885, it is provided:

"Section 1. Upon the election of a successor to the clerk of the county of Erie, now in office and thereafter to be elected, such clerk shall receive, as compensation for his services, an annual salary to be fixed by the board of supervisors of said county prior to the election of every such clerk; the salary so fixed shall be five thousand dollars per annum, and shall not be increased or diminished during the term for which any such clerk shall have been elected.

"Sec. 2. The salary so fixed shall constitute the whole compensation which shall be allowed or paid to or received by said clerk for all official services performed by him for the state, for the county and for individuals, or which he shall be required or authorized by law to perform by virtue of his office as such clerk. It shall be the duty of said clerk to perform all services which he is or shall be required or authorized by law to perform by virtue of or by reason of his holding such office, including his duties as clerk of every court of which he is or shall be clerk, and no compensation, payment or allowance shall be made to him for his own use for any of such services except the salary aforesaid.

"Sec. 3. From and after the thirty-first day of December, eighteen hundred and eighty-five, all the fees, emoluments and perquisites which such clerk shall charge or receive, or which he shall legally be authorized, required or entitled to charge or to receive, shall belong to the county of Erie. It shall be his duty to exact, collect and receive the full amount allowed by law of all such fees, emoluments and perquisites for said county, and said clerk shall require payment in advance for recording all papers left with him for record, and shall also in each case require payment for all other services rendered by him or his assistants in his or their official capacity by virtue of any law of this state as soon as the amount chargeable therefor can be ascertained and before such service shall be completed."

It is contended by the relator that by virtue of the provisions of this act the compensation of the county clerk is limited to the sum of $5,000, and the fees in question should be paid over to the county treasurer as county property. The county clerk, however, stands upon a decision made by the Supreme Court of Massachusetts in the case of Inhabitants of Hampden County v. Morris, 207 Mass. 167, 93 N. E. 579, holding that a Massachusetts statute requiring that fees received by the clerk in naturalization cases shall be paid over to the county treasurer conflicts with the federal statute, and that the clerk of the state court need not pay over to the county treasurer fees received in naturalization cases.

The court bases its decision upon the reasoning that the federal law is supreme, and any state statute conflicting with its provisions must yield to the superior authority of the law of the United States. The decisions of the Supreme Court of Massachusetts are entitled to the highest respect, as coming from a tribunal recognized as possessing the highest learning and ability. If the question now before the court had not been passed upon by the highest court of Massachusetts, we are frank to say we should be inclined to a different conclusion than that reached by the Massachusetts tribunal, and to hold that the federal statute was intended and should be construed not as in conflict with the state act, but was simply designed to reimburse the office for the clerical force required, rather than to provide for the personal and independent emolument of the incumbent of the office. We do not, however, feel at liberty to disregard the decision of the question made

by the highest court of Massachusetts. If a different holding is to be made in this state, it may, with more propriety, be made by the appellate courts.

The motion for the writ is therefore denied, without costs.